UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60286-CIV-DAMIAN

**ROBERTO ISMAEL ARCIA ALFONSO**,

    Petitioner,

v.

**GEO GROUP, INC.**, *et al.*,

    Respondents.
_____/

### ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner, Roberto Ismael Arcia Alfonso's ("Petitioner"), Petition For Writ Of Habeas Corpus (the "Petition") [ECF No. 1], filed February 2, 2026. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 4] on February 5, 2026 [ECF No. 6 ("Response")], and Petitioner did not file a Reply.

THE COURT has reviewed the Petition, the parties' briefing, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

### I.  BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the parties' submissions. *See generally* Pet., Resp.

In brief, Petitioner is a native and citizen of Cuba. He first entered the United States in 2023 and has resided here continuously since that time. Customs and Border Protection detained him and served a Notice to Appear ("NTA") upon Petitioner on October 21, 2023. [ECF No. 1-2 at 1]. Petitioner was released on his own recognizance in "accordance with section 236 of the Immigration and Nationality Act" on that same day. [*Id.* at 4]. Petitioner also has had a Form I-589 to apply for asylum and withhold removal pending since May 3,

2024. [ECF No. 1-3]. Petitioner has family connections in the United States including a wife and two children with legal permanent status, one of whom is a six-year old with special needs, and Petitioner is employed by a non-profit organization. Petitioner alleges he is *prima facie* eligible for adjustment of status under the Cuban Adjustment Act because he has resided in the United States for longer than a year. *See* Pet. ¶ 40.

Petitioner was taken into custody on December 4, 2025, following an encounter with Immigration and Customs Enforcement ("ICE") when agents approached him while he was fishing in Key Largo, Florida. *See id.* ¶ 2. He is detained at Broward Transitional Center ("BTC"). *See id.* ¶ 22.

On February 2, 2026, Petitioner filed the instant habeas Petition, challenging his continued detention under 8 U.S.C. § 1225(b). In the Petition, Petitioner argues, generally, that he is entitled to a bond determination hearing and that 8 U.S.C. § 1226(a) applies to individuals in his circumstances, that is, aliens in the United States who were not lawfully admitted, rather than § 1225, which applies to aliens seeking admission to the United States. *See generally id.* He also argues that he is entitled to relief as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 25-cv-01879-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), which directed Respondents to issue bond hearings for Bond-Eligible class members, which include those in Petitioner's circumstances. *See id*.

Respondents, on the other hand, preserve their arguments that this Court is not bound by the orders entered in *Maldonado Bautista* and that Petitioner is an alien seeking admission who is governed by the provisions of § 1225(b) and subject to mandatory detention, but otherwise do set forth an argument in opposition to the Petition because this Court's prior decisions interpreting the § 1225/§ 1226 issue "are not materially distinguishable" from this case. *See* Resp. at 1-2, 4.

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

At the outset, as Respondents acknowledge, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases[1], and as previously indicated, the undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369 *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). Like Chief Judge Altonaga and the majority of District Courts throughout the country that have analyzed this issue, this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

---

[1] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026).

Further, having considered the Declaratory Judgment in *Maldonado Bautista v. Santacruz*, the record in the instant case, and the relevant authorities, the undersigned finds that to the extent Petitioner may fall within the description of the classes identified in *Maldonado Bautista*, that has no bearing on this Court's determination of the Petition for several reasons.

First, *habeas* relief was sought only by the named petitioners in that case, and Petitioner is not one of the named petitioners. Second, the named petitioners did not seek *nationwide habeas* relief, but, instead, the case is limited to the Central District of California. Third, in granting declaratory relief, the District Court in that case noted that *habeas* relief could only be afforded to class members who were located within the boundaries of the Central District of California. *Maldonado Bautista*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d. ----, 2025 WL 3713987, at * 14 (C.D. Cal. Dec. 18, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 446 (2004), for the proposition that "habeas jurisdiction lie[s] 'in only one district: the district of confinement'"). Still, the inapplicability of the *Maldonado Bautista* declaratory judgment does not alter this Court's conclusion that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

## IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the immigration court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release

Petitioner. The bond hearing must take place no later than **Wednesday, February 25, 2026**. It is further

**ORDERED** that on or before **March 6, 2026**, Petitioner shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 17th day of February, 2026.

                                          **MELISSA DAMIAN**
                                          **UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record